DODGE, *Adm'r, Ap't, v.* McNEIL.

Upon an examination before the probate court of a person complained of for embezzlement, the judge has no power to determine that the charge is or is not sustained.

APPEAL, from a decree of the judge of probate. The plaintiff sets forth that he is administrator of the estate of A ; that upon his petition the defendant was cited before the probate court to answer a complaint charging her with embezzlement of the effects of the estate ; that after a hearing the judge of probate decided that the charges were not sustained; that he in behalf of the estate, feeling himself aggrieved by the decision, claims an appeal " because he believes said charges or complaint are true, and can be fully sustained and established at said supreme court." The defendant moves that the appeal be dismissed.

*Copeland & Dodge*, for the plaintiff.

*H. E. Burnham*, for the defendant.

CARPENTER, J. The appeal must be dismissed. The statute (G. L., c. 197, s. 1) provides that "Any person suspected and complained of by any administrator, heir, legatee, or creditor of a person deceased to have concealed, embezzled, or conveyed away any of the personal estate of the deceased, may be cited before the judge and be examined under oath for the discovery of the same." The object of proceedings under the statute is a discovery of the property to the end that measures may be taken in the proper court for its recovery. *Young* v. *Tilden*, 3 N. H. 74. They cannot be had in the probate court, which has neither jurisdiction nor process for the purpose. That court can do nothing except to take the examination of the person complained of. The judge has no authority to determine the question whether the charge is or is not sustained.

*Appeal dismissed.*

All concurred.